# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-01256-COA

SHERROD LENARD OWENS                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                        APPELLEE

DATE OF JUDGMENT:            10/20/2021
TRIAL JUDGE:                 HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT:     OFFICE OF STATE PUBLIC DEFENDER
                             BY: GEORGE T. HOLMES
                                 MOLLIE MARIE McMILLIN
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 11/08/2022
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A defendant was convicted of being a felon in possession of a firearm. On appeal, his

appointed counsel concedes there are no arguable issues that warrant appellate review.

Accordingly, we affirm.

¶2.     During trial, Sherrod Owens chose to take the stand in his own defense and explained

what events transpired that resulted in his conviction. He was walking to work at a Family

Dollar store in Gulfport when a police officer pulled up beside him. He knew the officer

because "[s]he had pulled me over a couple of times." As they began to talk, Owens

volunteered a piece of striking information. "I let her know that I [did] have a firearm on me and it [was] in my pocket." The handgun was a loaded Cobra .380.

¶3. The officer arrested him on a misdemeanor charge of carrying a concealed weapon without a permit. But while processing Owens at the police station, the officer learned he had a previous felony conviction. Owens was subsequently indicted for possession of the Cobra .380 pursuant to Mississippi Code Annotated section 97-37-5(1) (Rev. 2014), which prohibits "any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . ." The indictment set out that he previously had been indicted for possession of a controlled substance with intent to sell and listed the case number and county of conviction.

¶4. A jury of his peers found him guilty. The trial court sentenced Owens to a term of ten years in custody, with all ten years suspended and credit for time served (477 days), in addition to five years of post-release supervision. On appeal, his appointed counsel asserted he was "not presently incarcerated" after the conviction.

¶5. Owens' counsel certified that there were no arguable issues for appeal pursuant to *Lindsey v. State*, 939 So. 2d 743, 749 (¶21) (Miss. 2005). In that case, our Supreme Court affirmed that our State will "afford adequate and effective counsel to those indigent clients whose attorneys do not believe they have arguable issues to present the appellate court," in part by allowing defendants to file a brief of their own choosing, instituting this "protective measure[] . . . to safeguard the constitutional right to counsel which is afforded to indigent

2

criminal defendants throughout the entirety of appellate proceedings." *Id*. at (¶¶20-21).[1]

¶6.    *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Id*. at 748 (¶18).   Owens' appellate counsel followed that procedure.  Owens was given the opportunity to file a supplemental brief pro se but failed to do so.  In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015).

¶7.    Accordingly, the conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**

---

[1] After his counsel filed a *Lindsey* brief, this Court entered an order allowing Owens "forty days to file a pro se brief raising any issues he desires to be considered on appeal." The order was sent by the clerk's office to the last address on file for Owens, which was the facility where he was incarcerated.  However, as set out above, he was released after his conviction and sentence.  During the trial, Owens testified he was unhoused.  The docket of this case reflects that his appointed counsel also emailed him the order and contacted his attorney from the trial below but could not locate him.